UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LUIS HERNANDEZ,

                            Plaintiff,

                -against-

Detective ANTHONY GARITTA, Shield No. 5623; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Luis Hernandez ("plaintiff" or "Mr. Hernandez") is a resident of Kings County in the City and State of New York.

7.      Defendant Detective Anthony Garitta, Shield No. 5623 ("Garitta"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Garitta is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.      At all times relevant herein, all individual defendants were acting under color of state law.

**STATEMENT OF FACTS**

11.      At approximately 5:30 p.m. on August 15, 2012, plaintiff was lawfully walking in the vicinity of Cypress Avenue and St. Nicholas Avenue in Brooklyn, New

2

York.

12.     As Mr. Hernandez was walking toward the subway station near his home, defendants in plain clothes approached him and demanded his identification.

13.     Defendants stopped plaintiff without probable cause or reasonable suspicion to believe he had committed any crime or offense.

14.     Mr. Hernandez complied and provided his identification.

15.     Defendants unlawfully searched plaintiff and no contraband was recovered.

16.     Defendants put plaintiff in handcuffs and into their vehicle.

17.     When plaintiff asked why he was being arrested, defendants did not respond.

18.     Plaintiff was eventually taken to a police precinct.

19.     At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff involved in the sale of marijuana.

20.     At no point did the officers observe plaintiff involved in the sale of marijuana.

21.     Plaintiff was taken to Queens Central Booking where he was eventually released without ever appearing before a judge, after being held for approximately twenty-four hours.

22.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

23.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

26.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

29.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.    The individual defendants created false evidence against plaintiff.

31.    The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

32.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

33.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

34.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

37.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    November 14, 2012
          New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Afsaan Saleem
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@hwsflegal.com

*Attorney for plaintiff*